IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, August 9, 2010

**DEBBIE BAKIR, et al., v. STEVEN BRENT MASSENGALE, Individually and d/b/a MASSENGALE BONDING COMPANY**

**Appeal from the Chancery Court for Rhea County**
**No. 10400     Hon. Jeffrey F. Stewart, Chancellor**

---

**No. E2009-02483-COA-R3-CV - FILED AUGUST 30, 2010**

---

The plaintiffs advanced monies for the creation and operation of a bonding company, in which plaintiffs were to be partners with the defendant. A dispute arose between them about the bonding operation, and plaintiff sued defendant for a percentage of the profits of the bonding company and defendant counter-sued for a monetary judgment as well. The Trial Court ruled that no partnership existed, but plaintiffs were entitled to recover $15,000.00 from defendant. Defendant's counter-action was dismissed. On appeal, we affirm.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and.  D. MICHAEL SWINEY, J., joined.

Carol Ann Barron, Dayton, Tennessee, for the appellant, Steven Brent Massengale, Individually, and d/b/a Massengale Bonding Company.

Michael E. Richardson, Chattanooga, Tennessee, for the appellees, Debbie Bakir and Mostafa Bakir.

**OPINION**

Plaintiffs, Debbie and Mostafa Bakir, brought this action against Steven Brent Massengale, individually, and d/b/a Massengale Bonding Company. They alleged that they

had engaged in the bonding business with defendant from March 2008 until August 2008, when defendant informed them that they were no longer owners and that he was not going to share profits with them.

Plaintiffs alleged that they entered into a verbal agreement with defendant to establish the Bonding Company, and that they financed the same by depositing $30,000.00 with the Franklin County Circuit Court. They further averred that defendant agreed to be the agent and operator of the company, as he had the requisite two years' experience as a bail bondsmen, which was a requirement of the rules of the 12th Judicial Circuit.

Further, plaintiffs averred they agreed to pay the operating expenses of the company for the first four months of operation, and that the income received during that time would be split 60% to plaintiffs and 40% to defendant. Plaintiffs further alleged that following the first four months, the parties agreed to split the income 50/50.

Plaintiffs averred that in mid-August 2008, Massengale told them he would no longer honor their agreement and would not share profits with them nor return their $30,000.00. On investigation, plaintiffs averred that defendant had not listed them as partners on the application nor as having a financial interest in the company, and that upon checking the court's records, defendant owed them in excess of $46,000.00.

Massengale answered, denying the allegations in the Complaint, and filed a Counter-Complaint, asserting that plaintiffs loaned him $30,000.00 to file the necessary bond to start his company, and that he had reimbursed them $47,106.00, and sought to recover $17,000.00 that he allegedly overpaid.

The Trial Court heard the case in 2009, and entered Judgment on November 2, 2009, awarding plaintiffs a judgment against Massengale in the amount of $15,000.00. The Court, in its Memorandum Opinion, found that Massengale and Mrs. Bakir were brother and sister, and that Massengale had previously been working as a bail bondsman for another company, and that he approached his sister and brother-in-law for assistance, and Mr. Bakir obtained the capital needed to start the business. The Court further found that Massengale had listed only himself as having a financial interest in the business, and that Mr. Bakir provided the $30,000.00 needed to get the business started.

The Court also found that Massengale and the District Attorney General testified that it would not be possible for the partnership to exist pursuant to Tenn. Code Ann. §40-11-317, and that the statute required a bonding company owner to have two years' experience, which Mr. Bakir did not have. Thus, the Court found that the alleged partnership could not be established.

-2-

The Court further found that Bakir had advanced $30,000.00, and he had been repaid $17,000.00. The Court found that $13,000.00 was owed, and that Bakir had also produced receipts for rental payments he made of $2,000.00, so the Court awarded plaintiffs a judgment of $15,000.00.

With regard to Massengale's counterclaim, the Court found that Massengale said he paid off a judgment that was for Mr. Bakir, but the judgment was entered against Massengale. Further, the Court found that Massengale was living with the Bakirs and that they were paying for his costs and furnishing him a vehicle, and the Court dismissed the counterclaim, and taxed the costs to Massengale.

Massengale filed a Notice of Appeal, and both parties filed Statements of Evidence, and entered an Agreed Order that both statements of evidence should be included in the record.

The issues on appeal are:

1.      Whether the Trial Court erred in failing to award Massengale a setoff for the judgment he paid as guarantor for the Bakirs on a prior lease, which would result in a judgment to Massengale of $10,542.26 for his overpayment?

2.      Whether the Trial Court erred in concluding that the parties did not have a partnership relationship?

As we have previously explained:

The fundamental philosophy of all setoffs and recoupments is that a party being sued for money may claim entitlement to money from the party bringing the suit, permitting the adjudication of countervailing claims in one suit.

> A set-off is a counterdemand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action. It is the right which exists between two parties, each of whom under an independent contract owes an ascertained amount to the other, to set-off their respective debts by way of mutual deduction, so that in any action brought for the larger debt the residue only, after deduction, may be recovered. The right of set-off is a common-law right, which belongs to every creditor, to apply unappropriated monies of his debtor, in his hands, in extinguishment of debts due to him. It allows parties that owe mutual debts to each other to assert amounts owed, subtract one from the other, and pay only the balance.

-3-

80 C.J.S. Set-off and Counterclaim § 3 (2000) (footnotes omitted).

* * *

A setoff must be a valid claim for which the defendant might have sued the plaintiff and recovered. In other words, a setoff claim must be sufficient to support an independent action by the defendant against the plaintiff. An essential requirement to a right of setoff is that the demands, or claims, are mutual, that is subsisting between the same parties. Additionally, the reciprocal claims "must be of the same grade and nature or be due in the same capacity or right." The right to setoff is available to assert claims only to liquidated damages or those capable of being ascertained by calculation.

*Conister Trust Ltd. v. Boating Corp. of America*, 2002 WL 389864 (Tenn. Ct. App. March 14, 2002)(citations omitted).

In this case, Massengale claimed that he had paid a judgment for a little over $30,000.00 for a lease which the Bakirs had defaulted on, for which he was a guarantor. The exhibits show that Massengale was sued (not the Bakirs), and that his counsel wrote a letter asking if a certain amount would settle the debt so that a judgment would not go down against him. None of the exhibits show that this was a debt of the Bakirs. The Statement of the Evidence states that Bakir acknowledged that it was his debt, and that he would take care of it at a substantial monetary savings. The Statement also states that Massengale paid the debt over Bakir's objection. The Trial Court further noted that there was evidence that Massengale was living with the Bakirs at the time and that they were paying his living and other expenses and a vehicle. The Trial Court ruled that the proof failed to establish that Massengale was due for a setoff.

The Trial Court concluded that the counterclaim was simply not proven to be an "ascertainable debt" owed to Massengale by the plaintiffs. *See Conister*. We conclude from the Trial Court's Opinion, that the Trial Court did not find Massengale to be credible. The Trial Court held there was simply insufficient evidence to establish plaintiffs owed Massengale the indebtedness, and the evidence does not preponderate against this ruling. Tenn. R. App. P. 13(d).

Next, plaintiffs argue that the Trial Court erred in ruling as a matter of law that the parties in this case could not have formed a partnership to operate a bail bonding business, because of the statutory requirements. Tenn. Code Ann. §40-11-317 states that a person must have two years' experience in the bail bonding business to be a bonding company owner. Plaintiffs argue that Tenn. Code Ann. §40-11-301 states that professional bondsmen can also be firms, partnerships, corporations, etc. This does not change the fact, however, that

subsection 317 states that one must have two years' experience as a bonding company owner.

This is not the only fact that the Court relied upon in determining that the proof of existence of a partnership failed. The Trial Court also found that because Bakir failed to get qualified to be a bondsman, as the parties intended, and thus could not expand the business and write bonds in other areas, as the parties intended, then he failed to uphold his agreed requirements for forming a partnership with Massengale. The parties testified that their intent was to get Bakir approved to write bonds so that the business could be district-wide, but that was not able to be accomplished. Thus, the requirements for forming such a partnership were not met.

In this regard, plaintiffs acknowledge the party alleging the existence of a partnership, in the absence of a written agreement, must carry the burden of proving that fact by clear and convincing evidence. *See Tidwell v. Walden*, 330 S.W.2d 317 (Tenn. 1959). Plaintiffs failed to meet this burden of proof, and we affirm the Trial Court on all issues and remand, with the cost of the appeal assessed one-half to the plaintiffs and one-half to the defendant.

_____
HERSCHEL PICKENS FRANKS, P.J.